

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:

Opinion No. O-6816
Re: Application of Senate Bill
123 and House Bill 84, Acts
of the 49th Legislature, to
Shackelford County, and pay-
ment of salaries thereunder.

We have received your letter of recent date in which
you state that Shackelford County is on the fee system. You
asked the following questions:

"1. Is it mandatory that the salaries of
assistants and deputies in the sheriff's office
and the clerk's office be paid only out of fees
of office?

"2. Can any of the salaries of the assist-
ants or deputies in the clerk's office or sheriff's
office be paid out of the General Fund?

"3. Must the expenses of the office, includ-
ing office expenses and automobile expense, be paid
out of the fees of the sheriff's office, or may
such expenses be paid out of the General Fund?

"4. Can the Commissioners' Court authorize
the Treasurer to pay an ex-officio salary to the
sheriff and clerk when the fees of both offices
are insufficient to pay the deputy hire and ex-
penses of the office?

"5. What is the maximum ex-officio salary
the county can pay out of the General Fund to the
sheriff and the clerk where the fees of office are
not sufficient to pay the maximum allowed under
Senate Bill No. 123?

Honorable Thomas L. Blanton, Jr., page 2

"6. Can the Commissioners' Court increase the salary of the County Treasurer from $2,000.00 to $2,500.00?

"7. Can the Commissioners' Court continue to draw $300.00 per year for travelling expenses within the county heretofore authorized by Article 2350, Section 7, or are they limited by House Bill 84 to travelling expenses incurred outside of the county on official county business?"

Article 3899, V. A. C. S., Sec. (a), is as follows:

"(a) At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premiums on officials' bonds including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; provided, that in addition to the officers named herein, the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector shall likewise make a report on the premiums on officials' bonds, including the cost of surety bonds for any deputies, and said premiums shall be subject to payment out of the fees of said office, as herein otherwise provided for the officers named; and provided further that if any of the officers so designated are on a salary rather than a fee basis, then all such bond premiums for officers and their deputies shall be paid from the General Fund of the county. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas, and other equipment in keeping with the system in use by the Department

of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the county auditor, if any, otherwise by the Commissioners Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to assistants and deputies shall also be clearly shown by such officer, giving the name, position, and amount paid each; and in no event shall any officer show any greater amount than actually paid any such assistant or deputy. The amount of such expenses, together with the amount of salaries paid to assistants, deputies, and clerks, shall be paid out of the fees earned by such officer. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, allow one or more automobiles to be used by the sheriff in the discharge of his official duties, which, if purchased by the county, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county, and they shall be and remain the property of the county. The expense of maintenance, depreciation, and operation of such automobiles as may be allowed, whether purchased by the county or owned by the sheriff or his deputies personally, shall be paid for by the sheriff and the amount thereof shall be reported by the sheriff, on the report above mentioned, in the same manner as herein provided for other expenses." (Underscoring ours)

Article 6869, V. A. C. S., provides, in part, as follows:

" . . . if in the opinion of the Commission-
ers' Court fees of the sheriff's office are not
sufficient to justify the payment of salaries of
such deputies, the Commissioners' Court shall have
the power to pay the same out of the General Fund
of said county."

In our opinion No. 0-6432, a copy of which we here-
with enclose, we held:

"In connection with the foregoing we want to
point out that in view of Article 6869, Vernon's
Annotated Civil Statutes, that it is our opinion
that the Commissioners' Court can legally pay the
salaries of deputy sheriffs out of the general fund
of the county, if in the opinion of the Commission-
ers' Court, fees of the sheriff's office are not
sufficient to justify the payment of the salaries
of such deputies. The salaries of such deputies
are to be determined as provided by Article 3902,
Vernon's Annotated Civil Statutes."

Therefore, in answer to your questions nos. 1 and 2,
it is our opinion that salaries of assistants or deputies in
the clerk's office must be paid out of the fees of office as
provided by Article 3899, Sec. (a), supra. The salaries of
the assistants or deputies in the sheriff's office may be paid
out of the general fund, if in the opinion of the Commissioners'
Court, fees of the sheriff's office are not sufficient to jus-
tify payment of the salaries of such deputies, as provided in
Article 6869, V. A. C. S. See also copies of our opinions
Nos. 0-6404, and 0-6367, copies of which we herewith enclose.

Article 3899, Sec. (a), quoted above, makes it man-
datory that the expenses of the office of the officials named
therein be paid out of fees of office. Therefore, in answer
to your third question, it is our opinion that the expenses
of the sheriff's office and automobile expense must be paid
out of fees of office. It will be noted, however, that said
Article 3899, Sec. (a), provides that the Commissioners' Court
may, upon written and sworn application of the sheriff stating
the necessity therefor, allow one or more automobiles to be
used by the sheriff in the discharge of his official duties,
and said automobiles may be purchased by the county and paid
for out of the general fund, but the expense of maintenance,

depreciation, and operation of such automobiles must be paid for out of fees of office.

We quote the following from our opinion No. O-6592, a copy of which has already been sent to you:

"The maximum ex-officio compensation which may be allowed said Sheriff is any sum which, when added to other compensation and excess fees allowed to be retained by him under said Articles 3883 and 3891, does not cause such officer to receive a total compensation in excess of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) per year. In no event could the fees of office and ex-officio compensation retained by him exceed the maximum of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00). In other words, the maximum amount of compensation from any source which he is allowed to retain cannot exceed Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) per year."

The same statutes with reference to compensation of sheriff are applicable to clerks; therefore, in answer to your fourth and fifth questions, it is our opinion that the sheriff and clerk may be paid an ex-officio salary. The maximum ex-officio compensation which may be allowed the sheriff or clerk is any sum which, when added to other compensation and excess fees allowed to be retained, does not cause such officer to receive a total compensation in excess of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00).

Article 3943 sets the maximum compensation of the county treasurer in a fee county at $2,000.00. Since said article was not amended by Senate Bill 123, your sixth question is answered in the negative. See our opinion No. O-6588, a copy of which we have already sent you.

Article 2350(7), V. A. C. S. (Senate Bill 319, Chapter 362, Acts 48th Legislature, 1943) reads as follows:

"In all counties of this state having a population of less than twenty-five thousand two hundred (25,200) according to the last preceding Federal Census, the Commissioners Court of such counties in

Honorable Thomas L. Blanton, Jr., page 6

hereby authorized to allow each Commissioner the sum of not more than Twenty-five ($25.00) Dollars per month for traveling expenses while on official business in said counties." (Emphasis ours)

In our opinion No. 0-6002, it was held:

"Said Art. 2350 (7) does not authorize the Commissioners' Court to pass a general order allowing the flat sum of Twenty-five Dollars to each commissioner each month for traveling expenses. Such sum is already available to each commissioner by virtue of the law provided he actually incurs such amount as contemplated by statute. He cannot be compensated for more than such amount incurred in any one month but may incur less, and the actual amount incurred is the criterion which the Court must go by in issuing its order for compensation."

House Bill 84, Chapter 204, Acts 49th Legislature, 1945, provides in part as follows:

"Section 1a. The Commissioners Court in each county is hereby authorized to pay the actual traveling expenses incurred while traveling outside of the county on official county business never to exceed Three Hundred Dollars ($300) in any one year for each said official." (Emphasis ours)

House Bill 84, supra, does not repeal or amend Article 2350(7), V. A. C. S., but it is merely cumulative of said article. Therefore, in answer to your seventh question, it is the opinion of this department that each commissioner is entitled to Twenty-Five Dollars ($25.00) traveling expense in the county for each month, provided, of course, that such traveling expense is necessary and actually expended by such commissioner during said month while he is on official business in the county. Moreover, the commissioners are entitled to traveling expense incurred while traveling outside the county on county business never to exceed Three Hundred Dollars ($300.00) in any one year as provided by H. B. 84, supra.

Honorable Thomas L. Blanton, Jr., page 7

We trust that we have satisfactorily answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _J. C. Davis, Jr._
J. C. Davis, Jr.
Assistant

By _John Reeves_
John Reeves

JR:ddt

Enclosures

APPROVED SEP 26 1945

_Carlos_ _Ashley_

FIRST ASSISTANT
ATTORNEY GENERAL

